Mr. Justice Kelley
delivered the opinion of the Court.
Hassler and Bates Company and Eugene Schooler, plaintiffs in error, are here on writ of error challenging the correctness of a judgment of the District Court of El Paso County affirming a decision of the Public Utilities Commission (Commission). The decision in question authorized The Denver and Rio Grande Western Railroad Company and The Atchison, Topeka and Santa Fe Railway Company to close grade crossings over both companies’ tracks by Drennen Road, a public road on the outskirts of Colorado Springs.
Before filing their respective applications to close the Drennen Road crossings of their rights-of-way, the railroad companies entered into contracts with El Paso County looking toward the closing of several grade crossings, including Drennen, and the installation of warning signals with automatic lights and bells at the Bradley Road crossing of their respective tracks. It should be noted that the respective tracks are parallel to each other and both tracks are used reciprocately by each of the companies in order to provide one-way travel, both north and south.
*185 In the preamble to the contract between D. & R. G. and El Paso County, this recitation appears:
“Completion of the construction by the County of Hancock Expressway between Colorado Springs and Security Village, together with construction by the State of Colorado of State Highway No. 29 and Academy Boulevard south of Colorado Springs, will make unnecessary the continuing maintenance and use of the existing public grade crossing across Rio Grande’s tracks known as the Drennen Road crossing at Rio Grande’s Mile Post 80.15.
“The County desires the additional signal protection at Bradley Road crossing of the Rio Grande tracks at the north end of Security Village and Rio Grande will make such installation in accordance with the terms and conditions of this agreement.”
The first paragraph of the contract provides:
“Rio Grande will forthwith apply to the Colorado Public Utilities Commission for a certificate of public convenience and necessity authorizing the closing of * * * the Drennen Road crossing at Rio Grande’s Mile Post 80.15. * * * ”
The county’s agreement with Santa Fe contained similar provisions.
With this brief background we now turn to a discussion of the assignments of error relied upon by the plaintiffs in error for reversal.

DUE PROCESS

ASSIGNMENT OF ERROR:

Petitioners were deprived of due process of law in that they were not given adequate and sufficient notice of the P.U.C. hearing.

Inasmuch as the relevant contracts were similar, the railroads’ applications for closing the crossings were consolidated for hearing and the evidence introduced at the hearing was substantially the same as it related to Drennen Road’s crossing of both tracks, we will discuss all aspects of the case as though we were concerned with *186 but a single application to close the road across but one right-of-way.
Plaintiffs in error urge that they were not given notice as required by C.R.S. 1963, 115-4-6(3), and that the application did not allege the facts upon which the application was based, contrary to the Rules of Practice and Procedure of the Commission.
Section 115-4-6 grants the Commission power to make rules to promote public safety, specifically providing that, “ * * * (1) The commission shall have power, after hearing had on its own motion or upon complaint, to make general or special orders, rules or regulations, or otherwise to require each public utility to maintain and operate its * * * tracks and premises in such manner as to promote and safeguard the health and safety of * * * the public, and to require the performance of any other act which the health or safety of its employees * * * or the public may demand.
“(2) The commission shall have power * * * to determine, order and prescribe the terms and conditions of installation and operation, maintenance and protection of all such crossings which may now or hereafter be constructed including * * * the installation and regulation of lights, block, interlocking or other system of signaling, safety appliance devices or such other means or instrumentalities as may to the commission appear reasonable and necessary, to the end, intent and purpose that accidents may be prevented and the safety of the public promoted.
“(3) The commission shall also have power upon its own motion or upon complaint and after hearing, of which all the parties in interest including the owners of adjacent property shall have due notice, to order any crossing now existing or hereafter constructed at grade or at same or different levels to be relocated or altered or to be abolished according to plans and specifications to be approved and upon just and reasonable terms and conditions to be prescribed by the commission * *
*187 The alleged deficiency, so far as compliance with the Rules of Practice and Procedure before the Public Utilities Commission of the state of Colorado is concerned, relates to Rule 11, which states:
“All applications must be in writing. They must set forth the full name and post office address of the applicant, and must contain fully the facts on which the application is based * *
Plaintiffs in error claim that they “were not given due notice” as required by Section 115-4-6(3) and that the application did not contain “the facts on which the application was based.”
An examination of the record fails to disclose the names of plaintiffs in error among those certified as having received the original notice of hearing. However, at the opening of the hearing in Colorado Springs, before an examiner designated by the Commission to hear the application, one of the attorneys for Hassler and Bates appeared and made this statement:
“I represent Hassler and Bates Company.”
Mr. Schooler entered his appearance pro se.
Not only did the parties here appear before the examiner, but they cross-examined witnesses for the applicant, introduced evidence, and fully participated in the hearing.
It thus appears that plaintiffs in error had notice of the hearing, had copies of the applications for the closing of the crossing, to which were attached the contract between the railroads and the county, and the maps showing the existing and proposed highway network, and that they were familiar with the statute empowering the Commission “to require each public utility to maintain and operate its tracks and premises in such manner as to promote and safeguard the health and safety of * * * the public,” including the closing of grade crossings.
The record further discloses that plaintiffs in error made no effort to gain additional time to prepare to meet or counter the evidence of the applicants, nor did *188 they ask for a recess, adjournment, or continuance, even after the applicants’ basis for relief became apparent. In short, they fully participated in the hearing on the issues as made by the applications and the protests. There was evidence as to need and the absence thereof, as well as conflicting evidence on the issue of safety.
The rule applicable under these circumstances is not unlike the situation contemplated by R.C.P. Colo. 15 (b) wherein it is provided that,
“ * * * When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * *
We conclude, therefore, that plaintiffs in error had notice of the hearing and the issues involved and that by the full participation in the proceedings without objection or request for a continuance waived whatever deficiencies might have existed. Because of the waiver, we do not reach the question of the adequacy of the notice and hence do not pass upon it. The plaintiffs in error had a fair hearing and thus were accorded due process.

ARBITRARY DECISION

ASSIGNMENT OF ERROR:

The decision of the Commission is unjust and unreasonable and exceeds the authority of the Commission, in that there is no competent evidence to support the decision of the Commission.

C.R.S. 1963, 115-6-15, prescribes the scope of judicial review. In pertinent part it provides:
“ * * * (1) * * * The review shall not extend further than to determine whether the commission has regularly pursued its authority, including a determination of *189 whether the order or decision under review violates any right of the petitioner under the constitution of the United States or of the state of Colorado, and whether the order of the commission is just and reasonable and whether its conclusions are in accordance with the evidence.
“(2) The findings and conclusions of the commission on disputed questions of fact shall be final and shall not be subject to review, * *
That portion of the record already alluded to discloses that the Commission “regularly pursued its authority.” The challenge to procedural due process has been disposed of above, and the record does not disclose any other constitutional issue. We have determined that the findings of fact have a legally adequate basis in the evidence and that the order and decision of the Commission are warranted by the facts. This is the extent of the review contemplated by Section 115-6-15. Public Utilities Commission of Colorado v. Northwest Water Corporation, 168 Colo. 154, 451 P.2d 266; Consolidated Freightways v. P.U.C., 158 Colo. 239, 406 P.2d 83.
The judgment is affirmed.
Mr. Justice Hodges and Mr. Justice Lee not participating.